# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WIRELESS COMMUNICATIONS MOBILE LLC, § § § | |
| Plaintiff, § | CIVIL ACTION NO. 6:19-cv-562 |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| Monitronics International, Inc. d.b.a. § Brink's Home Security TM, § § | |
| Defendants. § § § | |

## COMPLAINT

Plaintiff Wireless Communications Mobile LLC ("Plaintiff"), by and through its attorneys, for its Complaint for patent infringement against Monitronics International, Inc. d.b.a. Brink's Home Security ("Monitronics" or Defendant), and demanding trial by jury, hereby alleges as follows:

### I.   NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products and/or systems that infringe Plaintiff's United States patent, as described herein.

2.   Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products; and encourages others to use its products and services in an infringing manner.

1

3. Plaintiff seeks past and future damages and prejudgment and post-judgment interest for Defendant's infringement of U.S. Patent 9,125,079 (the "'079 patent"). A true and correct copy of the '079 Patent is attached hereto as Exhibit "A."

## II.     PARTIES

4. Plaintiff Wireless Communications Mobile LLC is a limited liability company organized and existing under the laws of Delaware. Its principal place of business is 200 Continental Dr., Suite 401, Newark, DE 19713.

5. Defendant Monitronics International, Inc. d.b.a. Brink's Home Security is a company organized under the laws of Texas and maintains its principal place of business at 1990 Wittington Place, Dallas, TX 75234. Monitronics can be served via its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange St, Wilmington, De, 19801.

6. On information and belief, Defendant markets, installs, services and monitors security alarm systems throughout North America, serving more than 1 million customers in all 50 states, including in this state and in this judicial district.

## III.    JURISDICTION AND VENUE

7. This is an action for patent infringement which arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284, and 285.

8. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein.

10. Defendant is subject to this Court's general personal jurisdiction including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in this judicial district and because it has regular and established places of business in maintains its principal place of business at 1990 Wittington Place, Dallas, TX, 75234 and, on information and belief, has additional places of business, including in this judicial district, for example, at 1400 Smith Rd, Austin, TX 78721.  Defendant has committed such purposeful acts and/or transactions in this judicial district such that it reasonably should know and expect that it could be hauled into this Court as a consequence of such activity.

11. Defendant is subject to this Court's specific personal jurisdiction because, on information and belief, Defendant has at least sold, offered for sale, and used the patented inventions in this state and in this judicial district, thereby committing, and continuing to commit, acts of patent infringement as alleged herein.

12. Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this judicial district and has a regular and established place of business at 1400 Smith Rd, Austin, TX 78721.  On information and belief, from and within this judicial district, Defendant has committed at least a portion of the infringements at issue directly and/or through partners or subsidiaries.

## IV.    FACTUAL BACKGROUND

13. Plaintiff is the owner of the entire right, title, and interest of the '079 patent, including the right to recover for past infringement, covering wireless monitoring device technologies used in various wireless monitoring products, including the '079 patent.

14. The '079 patent, entitled "PROGRAMMABLE COMMUNICATOR," was filed on Aug. 8, 2014 and issued on Sep.1,2015.

15. The '079 patent is a continuation of application No. 14/175,171, filed on Feb. 7, 2014, now Pat. No. 8,872,624, which is a continuation of application No. 13/934,763, filed on Jul. 3, 2013, now Pat. No. 8,648,717, which is a continuation of application No. 13/801,773, filed on Mar. 13, 2013, now Pat. No. 8,542,111, which is a continuation of application No. 12/538,603, filed on Aug. 10, 2009, now Pat. No. 8,094,010, which is a continuation of application No. 11/329,212, filed on Jan. 10, 2006, now Pat. No. 7,583,197, which is a continuation of application No. 10/296,571, filed as application No. PCT/EPOl/05738 on May 18, 2001, now abandoned.

## V.   COUNTS OF PATENT INFRINGEMENT

16. Plaintiff alleges that Defendant has infringed and continues to infringe the '079 patent (the "Asserted Patent").

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT 9,125,079

17. Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

18. The '079 Patent provides a technical solution, by disclosing a technical data monitoring device establishing a wireless communication link with a programmable interface of a programmable cellular telephone comprising "a new and improved communicating apparatus to address the communication needs of children and elderly persons and for programmable data tags for monitoring the status of associated technical equipment." '079 Patent, Col. 9, Lns. 29 – 33.

Direct Infringement

19.     On information and belief, Defendant, without authorization or license from Plaintiff, have been and is presently directly infringing the '079 Patent, either literally or equivalently, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, (including for testing purposes), selling and offering for sale articles infringing one or more claims of the '079 Patent.  Defendant is thus liable for direct infringement pursuant to 35 U.S.C. § 271(a).  Exemplary infringing instrumentalities include the technical data monitoring devices described at https://brinkshome.com/shop/systems/brinks-home-complete-with-video (collectively the "Accused Instrumentalities").  The Accused Instrumentalities include any substantially similar systems and devices.

20.     On information and belief, the Accused Instrumentalities are a non-limiting example that meets all limitations of claim 1 of the '079 Patent, either literally or equivalently.

21.     Claim 1 of the '079 patent states:

A technical data monitoring device for use with a wireless data monitoring network, the technical data monitoring device comprising:
(a) a wireless communications circuit, the technical data monitoring device configured to establish a wireless communication link with a programmable interface of a programmable cellular telephone,

(b) the technical data monitoring device configured to send and/or receive wireless packet switched data transmissions,

(c) the technical data monitoring device having an associated status condition,

(d) the technical data monitoring device configured to generate data and send data over the wireless communication link for processing by the programmable cellular telephone periodically or in response to instructions received in a wireless packet switched message from the programmable cellular telephone,

(e) wherein the data from the technical data monitoring device is (1) sent to be processed and displayed by the programmable cellular telephone and/or (2) sent to be processed and forwarded by the programmable cellular telephone to an Internet website via one or more General Packet Radio Service (GPRS), or other wireless packet switched data messages,

5

(f) wherein the technical data monitoring device is configured to form part of the wireless data monitoring network in communication with the programmable cellular telephone; and

(g) at least one technical device or system, the at least one technical device or system being at least one selected from the group consisting of a pressure sensor, a heat sensor, a mechanical displacement sensor, a speed sensor, a temperature sensor, a sound threshold sensor, a movement sensor, an electrical power sensor, an infra-red radiation detector, a proximity detection sensor, a heart rate sensor, a water sensor, a location processing module, a GPS Global Positioning Systems module, a sensor for detecting any physical characteristic of the human skin, and a health monitoring system of one or more sensors, a sports performance monitoring system of one or more sensors, a domestic appliance monitoring system of one or more sensors, and a home security monitoring system of one or more sensors,

(h) wherein the data sent by the technical data monitoring device represents at least one of pressure data, heat data, mechanical displacement data, speed data, temperature data, sound threshold data, movement data, electrical power data, infra-red radiation data, proximity detection data, heart rate data, body temperature data, health data, water detection data, location data, GPS data, sports performance data, domestic appliance data, and home security data.

22.     Specifically, Defendant makes, uses, sells, offers for sale the Accused Instrumentalities – e.g. technical data monitoring device for use with a wireless data monitoring network.  *See, e.g.*, https://brinkshome.com/shop/systems/brinks-home-complete-with-video ("Our most popular security system plus the power of video. The HD Indoor Camera detects motion, automatically records during alarms, and lets you view 24/7 live video on your smartphone.")  For example, Brinks Home Security technical data monitoring device such as Nest Secure and Brinks Home Touch uses wireless network (such as WiFi, Z-Wave Plus, dual band 802.11 a/b/g/n/ac, LTE, Bluetooth low Energy (BLE) 4.0 and/or S-Line Encrypted 319.5 MHz) to monitor technical data and communicate with other wireless programmable devices. These devices have wireless communications circuits.  *See id.*  ("Want to add a flood sensor?  A smart door lock?  Your system can act as a hub for up to 119 smart home devices, and can be controlled via Google Home, Amazon Alexa, Apple TV, and more.")  The Brinks Home Security

6

technical data monitoring devices use the wireless communications circuit to establish links to a programmable interface of a programmable cellular telephone, for example, a mobile app ("ASAPer") running on a smartphone. ("Now you can resolve alarms faster than ever with ASAPer, our patented interactive messaging hub for home security systems. When an alarm occurs, ASAPer provides a chat room for call list members to resolve the issue.") *See* https://help.brinkshome.com/hc/en-us/articles/225675047-What-is-ASAPer-

23. According to claim 1(b) of the '079 Patent, the Accused Instrumentalities are configured to send and/or receive wireless packet switch data transmissions. Networks such as WiFi, Z-Wave Plus, dual band 802.11 a/b/g/n/ac, LTE, Bluetooth low Energy (BLE) 4.0 and/or S-Line Encrypted 319.5 MHz) send and/or receive data in the form of packet switched data transmission. *See* https://brinkshome.com/shop/systems/brinks-home-complete-with-video.

24. According to claim 1(c) of the '079 Patent, the Accused Instrumentalities have many status conditions, including, for example: armed, not armed, alerts, event notification alarm and/or emergency features etc. *See id.*

25. According to claim 1(d) of the '079 Patent, the Accused Instrumentalities are configured to generate data and to send data over the wireless communication link for processing by the programmable cellular telephone. The device is also configured to generate data (alarm and notifications) associated with sensors such as (wireless door sensors, wireless motion sensor, indoor camera with night vision SkyBell slim line video doorbell and/or flood/freeze sensor) and send it over the wireless communication link for processing by the programmable cellular telephone. *See id.* ASAPer which when installed on the programmable cellular telephone (such as smartphones) connects over wireless communication network with the panel to send and/or

7

receive notifications and alerts.  *See* https://help.brinkshome.com/hc/en-us/articles/225675047-What-is-ASAPer-.

26. According to claim 1(e) of the '079 Patent, the sent data is either displayed by the programmable cellular telephone and/or sent to an Internet website via GPRS or other wireless packet switched protocols.  The data (alarm and/or notifications) associated with the Brinks Home Security products is sent to the programmable cellular telephone and displays the data on cellular telephone via ASAPer.  *See id.*

27. According to claim 1(f) of the '079 Patent, the Accused Instrumentalities are configured as part of the wireless data monitoring network along with the programmable cellular telephone.  *See id.*

28. According to claim 1(g) of the '079 Patent, the Accused Instrumentalities consist of many members of this group, including at least a home security monitoring system of one or more sensors (wireless door sensors, wireless motion sensor, indoor camera with night vision SkyBell slim line video doorbell and/or flood/freeze sensor).  *See* https://brinkshome.com/shop/systems/brinks-home-complete-with-video ("Now you can resolve alarms faster than ever with ASAPer, our patented interactive messaging hub for home security systems.  When an alarm occurs, ASAPer provides a chat room for call list members to resolve the issue.")  *See* https://help.brinkshome.com/hc/en-us/articles/225675047-What-is-ASAPer-.

29. According to claim 1(h) of the '079 Patent, the data sent by the technical data monitoring device represents at least home security data associated with large range of sensors which integrates with at least one of the sensors (wireless door sensors, wireless motion sensor, indoor camera with night vision SkyBell slim line video doorbell and/or flood/freeze sensor).  *See* https://brinkshome.com/shop/systems/brinks-home-complete-with-video.

Post-Suit Willful Infringement

30.     Defendant has had actual knowledge of the '079 Patent at least as of service of this Complaint.

31.     Notwithstanding this knowledge, Defendant continues to knowingly or with reckless disregard willfully infringe the '079 Patent.  Defendant has thus had actual notice of infringement of the '079 Patent as of the filing of this complaint, and continue to act despite an objectively high likelihood that its actions constitute infringement of Plaintiff's valid patent rights, either literally or equivalently.

32.     This objective risk was either known or so obvious that it should have been known to Defendant.  Accordingly, Plaintiff seeks enhanced damages and reimbursement of its reasonable attorney fees pursuant to 35 U.S.C. §§ 284 and 285.

Indirect Infringement

33.     Defendant is knowingly inducing their customers and/or end users to directly infringe the '079 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement, either literally or equivalently.

34.     Defendant's inducement includes, for example, providing data sheets, technical guides, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe the '079 Patent. The ADT Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '079 Patent, either literally or equivalently.  Defendant knows and intends that customers that purchase the ADT Accused Instrumentalities will use those products for their intended purpose.  For example, Defendant's United States website: https://brinkshome.com/shop/systems/brinks-home-complete-with-video, instructs customers to use the Accused Instrumentalities in numerous infringing applications.  In addition, Defendant

specifically intends that its customers, such as United States distributors, retailers and consumer product companies, will import, use, and sell infringing products in the United States in order to serve and develop the United States market for Defendant's infringing products.

35. As a result of Defendant's infringement, Plaintiff has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VI.   NOTICE

36. Plaintiff has complied with the notice requirement of 35 U.S.C. § 287 and does not distribute, sell, offer for sale, or make products embodying the Asserted Patent.

## VII.   JURY DEMAND

37. Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to Fed. R. Civ. P. 38.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks relief against Defendant as follows:

    A. That the Court determine that one or more claims of the Asserted Patent is infringed by Defendant, both literally and under the doctrine of equivalents;

    B. That the Court determine that one or more claims of the Asserted Patent is indirectly infringed by Defendant;

    C. That the Court award damages adequate to compensate Plaintiff for the patent infringement that has occurred, together with prejudgment and post-

    judgment interest and costs, and an ongoing royalty for continued infringement;

D. That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283;

E. A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

F. That the Court order Defendant to reimburse Plaintiff for its reasonable attorney fees pursuant to 35 U.S.C. § 285;

G. That the Court determine that Defendant's infringements were willful;

H. That the Court award enhanced damages against Defendant pursuant to 35 U.S.C. § 284; and

I. That the Court award such other relief to Plaintiff as the Court deems just and proper.

Dated:  October 1, 2019    Respectfully Submitted,

              */s/ Henning Schmidt*

             Henning Schmidt
             Texas State Bar Number 24060569
             DIMURO GINSBERG, P.C.
             1101 King St., Suite 610
             Alexandria, Virginia 22314
             Phone: (703) 684-4333
             Fax: (703) 548-3181
             Email: HSchmidt@dimuro.com

             *Attorney for Plaintiff*
             *Wireless Communications Mobile LLC*